UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ABDELLAH H. ESSABER,           )
                               )
        Petitioner             )
                               )
v.                             )       Civil Action No.
                               )       04cv11358-GAO
JOSEPH MCDONOUGH, ET AL.,      )
                               )
                               )
        Respondent             )

RESPONDENT'S RETURN AND MEMORANDUM
OF LAW IN SUPPORT OF MOTION TO DISMISS AND NOTICE
OF INTENT TO EXECUTE REMOVAL ORDER **ON JULY 12, 2004**

**SUMMARY STATEMENT OF CASE**

Respondent[1] moves to dismiss this action pursuant to Fed. R. Civ. P. rules 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6) for failure to state a claim upon which relief may be granted. Petitioner is now lawfully detained pending execution of the removal order, and respondent hereby provides notice of its **intention to remove petitioner from the United States on July 12, 2004.**

Petitioner is a native and citizen of Morocco who was admitted as a visitor for pleasure for six months in 1998, but overstayed his visitor's visa. In February 2004 petitioner was placed into removal proceedings for overstaying his visa, and was

---

[1] The responsive official of the Department of Homeland Security having control of petitioner's immigration custody in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

1

granted the privilege of voluntary departure on or before May 24, 2004, by order the Immigration Judge dated March 24, 2004. That grant of discretionary relief was also coupled with an alternate order of removal to Morocco, in the event that petitioner failed to depart voluntarily as directed by the order of the Immigration Judge. See generally 8 U.S.C. § 1229c(b) (relating to grant of voluntary departure in removal proceedings); 8 C.F.R. § 1240.26(d)(upon granting a request for voluntary departure, the Immigration Judge "shall also enter an alternate order of removal.").

Appellate review was affirmatively waived by both parties at he time of the voluntary departure order before the Immigration Judge. The voluntary departure order of the Immigration Judge also directed that petitioner was to remain in government custody until his departure, and that the departure was to be "without expense to the Government". Order of the Immigration Judge, Attachment to Petitioner's Request for Voluntary Departure and Request for Proceeding in Forma Pauperis.

However, petitioner never purchased his ticket for departure and never provided the necessary travel documents for his departure from the United States on or before May 24, 2004, the date provided by the Immigration Judge. Accordingly, by the terms of the order of the Immigration Judge, the grant of voluntary departure expired and converted to an order of removal to Morocco.

Petitioner is therefore now lawfully detained pending execution of the removal order, and respondent hereby provides notice of its **intention to remove petitioner from the United States on July 12, 2004.**

Habeas corpus review of removal orders, where it exists, exists only for pure issues of law. Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002) ("[f]ederal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated.").

Petitioner raises no cognizable challenge to his removal order, nor could he since he waived administrative appeal to the Board of Immigration Appeals. See 8 U.S.C. § 1252(d)(1)(requiring exhaustion of administrative remedies); Sousa v. INS, 226 F.3d 28, 31 (1st Cir. 2000) ("[w]hatever our own views, we are bound by precedent to apply the INA exhaustion requirement in a more draconian fashion."). See also Mattis v. Reno, et al., 212 F.3d 31, 41 (1st Cir. 2000) ("[t]raditional rules regarding exhaustion and waiver [which] govern on direct review of BIA final orders . . . . [also] hold on habeas review, which we have suggested is less broad than direct review."); Groccia v. Reno, et al., 234 F.3d 758, 762 (1st Cir. 2000) ("Conventional [issue] forfeiture rules pertain in habeas

3

cases."). Cf. Theodoropoulos v. INS, --- F.3d --- (2d Cir. 2004) (2004 WL 49118, *7) ("we hold that, by its plain language, § 1252(d)'s mandate that unless a petitioner 'has exhausted all administrative remedies available,' a 'court may [not] review a final order of removal,' []8 U.S.C. § 1252(d), applies to all forms of review including habeas corpus.").

At any rate, the Immigration Judge's grant of voluntary departure -- as well any determination of the Immigration and Customs Enforcement Field Office Director whether or not to extend or reinstate such grant -- is an act of administrative discretion not reviewable in habeas review. St. Fort v. Ashcroft, 329 F.3d 191, 202 (1st Cir. 2003)("if a statute makes an alien eligible to be considered for a certain form of relief, he may raise on habeas the refusal of the agency to even consider him. But he may not challenge the agency's decision to exercise or not exercise its discretion to grant relief.").

The petition therefore fails to state any "colorable claims of legal error" within the scope of habeas corpus review. Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002). Cf. Lopez v. Ashcroft, 267 F.Supp.2d 150, 153 (D. Mass. 2003)(Young, C.J.)(Court holding that where a "fact-intensive review" of a legal determination "demands an extensive factual inquiry", that therefore "the Court does not possess habeas jurisdiction in th[e] case."). Accordingly, the petition should be dismissed and all relief denied.

4

CONCLUSION

For all the reasons set out above, the Court should dismiss the action, and deny all other relief sought, or if it deems appropriate transfer this case to the First Circuit Court of Appeals to cure want of jurisdiction, under 28 U.S.C. § 1631.

                        Respectfully submitted,

                        MICHAEL J. SULLIVAN
                        United States Attorney

By: _____
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     United States Immigration &
     Naturalization Service
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on June 30, 2004.

_____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114