UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

<u>ABDELLA H. ESSABER</u>,

       Petitioner,

v.

<u>JOSEPH F. MCDONOUGH</u>,

       Respondent.

CIVIL ACTION
NO.  04-11358-GAO

O R D E R

<u>O'TOOLE, D. J.</u>

    On June 22, 2004, I directed petitioner Abdella Essaber, an immigration detainee confined at the Plymouth County Correctional Facility, to file an amendment to his purported petition for a writ of habeas corpus setting forth the basis for his order of removal, whether he had appealed the order of removal to the Board of Immigration Appeals, what relief he sought, and the basis for seeking that relief.  His response was ordered to be filed within 42 days of the date of the Order, or by August 3, 2004.  Counsel for the Department of Homeland Security has filed a motion to dismiss the petition for lack of subject-matter jurisdiction and a notice stating that Essaber is scheduled to be removed on Monday, July 12, 2004.

    The motion to dismiss is premature.  I directed Essaber to amend his petition because it was unclear and I was unable to discern exactly what relief he sought and what basis existed for that relief.  A motion to dismiss should await the filing of an amended petition or the petitioner's failure to file an amendment within the time permitted.  However, because Essaber may now be removed before having the opportunity to amend his petition, I will issue a temporary restraining order staying his removal temporarily.

    Based on the record before me, I find that the harm Essaber would suffer from immediate deportation is great relative to any harm to the Department of Homeland Security/Bureau of Immigration and Customs Enforcement in having to delay the petitioner's removal for a few weeks.  <u>See</u> <u>Arevalo v. Ashcroft</u>, 344 F.3d 1, 7-9 (1st Cir.

2003) (applicable standard for stays of removal is the four-part algorithm used for preliminary injunctions).

I will hold a hearing on Thursday, June 15, 2004 at 2:00pm to determine whether this temporary restraining order should be dissolved or otherwise modified. The Clerk shall make arrangements with the Sheriff of Plymouth County to have Essaber brought to this Court at that date and time and shall send this order to counsel for the Department of Homeland Security by facsimile and by regular mail.

SO ORDERED.


| July 8, 2004 | s/ George A. O'Toole, Jr. |
|---|---|
| DATE | UNITED STATES DISTRICT JUDGE |